UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

LIMELIGHT LTD,                                Case No: 08-CIV-5139(LTS) (FM)

    Plaintiffs,

  -against-                  **PRELIMINARY PRE-TRIAL STATEMENT**

ARMINAK & ASSOCIATES, INC.

    Defendant.
------------------------------------------------x

In accordance with Fed.R.Civ.P.26(f) and this Court's Initial Conference Order entered on June 12, 2008, Plaintiff, LIMELIGHT LTD ("**Limelight**") and Defendant, ARMINAK & ASSOCIATES, INC. ("**Arminak**"), hereinafter referred to as "the parties" hereby submit the following preliminary pre-trial statement.

A. **Concise Statement of the Nature of this Action.**

    This is an action for an alleged breach of contract and an alleged breach of the warranty of merchantability.

B. **Each Party's Position as to the Basis of Jurisdiction.**

    The Plaintiff asserts that this Court has jurisdiction over these claims pursuant to C.P.L.R. § 302(a) which states, according to Plaintiff, that a New York court may exercise personal jurisdiction over any non-domiciliary, who in person or through an agent, transacts any business within the state or contracts anywhere to supply goods or services in the state.

    The Defendant contends that the applicable forum selection clause contained in the parties' written agreement vests exclusive jurisdiction in the courts of the county of Los Angeles and the State of California, irrespective of C.P.L.R. § 302(a)

1

C. **All Material Uncontested or Admitted Facts.**

1. Plaintiff requested that the Defendant produce and deliver certain products.

2. The Defendant produced sample of the product.

3. The Plaintiff approved in writing the sample of the product.

4. Defendants delivered a shipment of goods to the Plaintiff (please note that Plaintiff asserts that the goods shipped were defective and not conforming to the product sample).

5. Defendant never paid for the goods.

6. The parties' written agreement is attached hereto as **Exhibit A**.

D. **Statement of the Uncontested Legal Issues.**

The parties' entered into a contract for the sale of goods.

E. **Legal Issues to be Decided by the Court.**

1. Whether this Court is one of proper venue and/or jurisdiction.

2. Whether the Plaintiff breached the contract by failing to pay for the merchandise delivered by the Defendant.

3. Whether the Defendant breached the agreement by producing defective goods.

4. Whether the goods delivered by the Defendant conformed to the sample product previously provided by the Defendant.

5. Whether the defective goods delivered by the Defendant proximately caused Estée Lauder to cancel its contract with the Plaintiff.

6. Whether the Plaintiff is entitled to any damages beyond the cost of the goods contracted for,.

7. Whether the Plaintiff's written approval of all samples provided by the Defendant constitutes a waiver of the claims alleged in this action.

8. Whether the Plaintiff's claims are barred by its own breach of contract.

9. Whether the Defendant's counterclaims are barred by its own breach of contract.

10. Whether the Plaintiff properly and timely rejected the goods sold by the Defendant (assuming that first Plaintiff sustains its burden of proof that the goods were in fact defective)

11. Whether each of the parties complied their respective contractual obligations.

12. What damages is the Plaintiff entitled to?

13. What damages is Defendant entitled to?

**F. Each Party's Concise Statement of Material Disputed Facts.**

Plaintiff's Statement

1. The Defendant delivered a shipment of defective goods not in conformity with the pre-approved samples provided to the Plaintiff and ordered by the Plaintiff.

2. The defective products delivered by Defendant proximately caused Estée Lauder to cancel its contract with the Plaintiff.

Defendant's Statement

1. The Defendant delivered the goods made within commercially acceptable tolerances of the pre-approved samples provided to the Plaintiff, ordered by the Plaintiff and approved by the Plaintiff.

2. The products delivered by the Defendant were not defective.

**G. Legal Basis For Each Cause of Action (Complaint and Counterclaim)**

Plaintiff alleges that the Defendant materially breached the agreement by shipping defective goods to the Plaintiff.

3

Plaintiff alleges that Defendant was fully aware that its products were to be part of a product set to be sold to Estée Lauder.

Plaintiff alleges the defective products supplied by the Defendant caused Estée Lauder to cancel its contract with the Plaintiff, thus causing extensive monetary damage to Plaintiff.

The Defendant intends to move this Court for the dismissal of this action pursuant to the parties' forum selection clause.

Should this action not be dismissed, Defendant reserves the right to file a counter-claim against the Plaintiff for the unpaid costs of all goods sold, together with attorneys fees, pre-judgment interest and all other relied permitted under the parties' written agreement.

### H. Legal Basis of Each Defense Asserted.

1. Defendant alleges that Plaintiff materially breached the agreement by failing to pay for the goods ordered and delivered. Plaintiff's material breach excuses Plaintiff's performance under the agreement.

2. Defendant alleges that the contractual limitation of damages provision precludes Plaintiff's incidental and consequential damage claims.

3. Defendant alleges that Plaintiff waived any defect by failing to properly and timely reject the goods sold and delivered according to the parties' written agreement.

4. Defendant alleges that the Plaintiff waived any claims for defects, such as alleged in the pending action, by executing the customer sample approval form and its terms and conditions, all of which are attached hereto as Exhibit A.

### I. Measure of Proof.

It is the Defendant's position that Plaintiff bears the burden of proof by a preponderance of the evidence with respect to all matter asserted in the complaint.

It is the Plaintiff's position that Defendant bears the burden of proof by a preponderance of the evidence with respect to all matters asserted in any forthcoming counterclaims.

### J. Amendments to Pleadings

Defendant intends to move for a Fed. R. Civ. P. 12(b) dismissal of the complaint based on the parties' written forum selection clause.

If Defendant's forthcoming motion is denied, Defendant reserves the right to assert and file an Answer and Counterclaim against the Plaintiff within ten days from Defendant's receipt of the Order denying its motion.

### K. Magistrate Judge

The Parties do not consent to the transfer of the case to a Magistrate Judge.

### L. Changes to Fed. R. Civ. P. 26(a)

The parties propose to exchange the disclosures required by Fed. R. Civ. P. 26(a) within twenty days form any denial of Defendant's Notice of Motion to Dismiss the complaint.

### M. Disclosure Needed.

Discovery should be exchanged concerning the parties' written agreement, the quality of the goods sold and delivered by the Defendant and the respective parties' claimed damages. Third party discovery may be needed from Plaintiff's customer(s) who allegedly complained of the quality of the goods. The parties propose that all discoveries be completed within 90 days from any denial of the Defendant's motion to dismiss.

### N. Expert Evidence.

Expert opinion may be required with regard to the quality of the goods sold and delivered by the Defendant to the Plaintiff. The parties propose that any expert reports be exchanged within 45 days following close of all factual discovery.

### O. Discovery Limitations

The parties reserve on this issue.

**P. Settlement Discussions**

The parties shall discuss settlement of as many claims and defenses as possible.

**Q. Jury Trial**

Defendant waives Jury. The Defendant expects that two days are needed for trial.

**R. Any Other Orders**

The Parties reserve the right to request the entry of such other orders under Fed. R. Civ. P.26 (c) or Fed.R.Civ. P.16(b)and (c), as may become appropriate.

| | |
|---|---|
| POPESCU, IOSEPOVICIT & ASSOCIATES<br>Attorneys for Defendants, Arminack & Associates, Inc. | MICHAEL B. KRAMER & ASSOCIATES<br>Attorneys for Plaintiff, Limelight, LTD |
| By: *s/ Robert S. Popescu*<br>Robert Popescu, Esq. (RP9677)<br>225 Broadway Suite 1901<br>New York, New York 10007<br>(212) 766-9696<br>rsp.esq@pialawfirm.com | By: *s/ Morgan Downer*<br>Morgan Downer, Esq.<br>150 East 58th Street, Suite 1201<br>New York, New York 10155<br>(212) 319-0304 |
| Dated: New York, New York<br>September 5, 2008 | Dated: New York, New York<br>September 5, 2008 |

# EXHIBIT A



## CUSTOMER SAMPLE APPROVAL

Page 1 of 2

### URGENT!

**_X_ PRODUCTION ORDER __ COLOR MATCH _ ARTWORK APPROVAL**

| Date: | 06/28/07 | Sample Mail Date: | 06/28/07 |
|---|---|---|---|
| Customer Name | ~~Courtney Oxland~~ _Molly Sutter_ | | |
| Company Name | Limelight LTD | | |
| Customer Address | 40 E 34th Street Suite 1415<br>New York, NY. 10016 | | |
| A&A P.O. # | 4950 | Customer P.O. # | 1 |
| Item Name: | 250ml Foamer Bottle | Part No.: | AAF1 Foamer Pump |
| Description: | 40mm PP Solid White Foamer Pump, Output 1.6cc, 150/240 Mesh, 304S, PE Dip Tube with Notch Cut, Stainless Steel Spring<br>Dip Tube Length: 50mm Below Housing. | | |
| Please review enclosed samples, sign below, and return ONE sample SIGNED with the original of the signed approval sheet. | | | |
| FAX TO EXPEDITE. Thank you | | | |

We are pleased to submit the following samples for your careful review and approval. Your order will be produced within commercially acceptable tolerances of the samples. By signing this agreement, you are accepting full responsibility for size, shape, specifications, compatibility, function, color, and aesthetics of the product, and you are agreeing to the terms set forth below, AS WELL AS THE INVOICE TERMS SET FORTH ON THE BACK OF THIS FORM, and incorporated by this reference.

You represent and warrants that the reproduction by Arminak & Associates of any model, logo, or design of any kind, which has been provided by Buyer to Arminak & Associates, will not infringe upon the patent, copyright, trademark, or intellectual property rights of a third party.

You agree to indemnify Arminak & Associates and shall hold harmless Arminak & Associates, any officer, director, employee or agent thereof (each of the foregoing being hereinafter referred to individually as "Indemnified Party") for all liability to third parties, and all reasonable expenses incurred by Arminak & Associates, including but not limited to court costs and reasonable attorneys' fees incurred, arising from or in connection with any third party claim against Arminak & Associates for alleged non-permitted and/or unauthorized use of any mold(s), logo or design, given by Buyer to Arminak & Associates, or claim of trade secret, patent, copyright, or other infringement by virtue of Arminak & Associates' use of any intellectual property delivered or maintained by Buyer.

You agree to accept full responsibility for any and all risk of harm to the units resulting from any and all causes after the units leave our warehouse including, but not limited to, damages resulting from extreme temperatures, incompatable liquids, transportation, shipping, storage, and filling.

WE MAKE NO WARRANTIES OF THE PRODUCTS, EXPRESSED OR IMPLIED, other than the warranty that the products will be within commercially acceptable tolerances of the sample approved by you. Our liability for any loss or damage arising out of the purchase or use of the products is limited to the purchase price of the products. In no event shall we be liable for incidental or consequential damages or damages arising out of or in any way relating to our sales to you.

After carefully reading this agreement, which includes the invoice terms set forth on the back of this form, please sign and date this agreement. The undersign represents that he/she has the authority to enter into this Agreement on the above identified Customer. A faxed response will ensure the shortest lead-time.

| Company | Limelight Ltd. | Accepted | ✓ | Rejected | |
|---|---|---|---|---|---|
| Signature | _[signature]_ | Title | Vice President | | |
| Printed name | Molly Sutter | Date | 6/29/07 | | |

## INVOICES TERMS

Page 2 of 2

1. Buyer represents and warrants that Buyer has had many opportunities to inspect and examine the sample of the products as fully as Buyer desires, and that Buyer has examined the sample and found no defects therein. **Arminak & Associates makes no representations or warranties other than that the products to be delivered under this contract will be within commercially reasonable tolerances of the sample inspected and accepted.** Buyer represents and warrants that the reproduction by Arminak & Associates of any model, logo, or design of any kind, which has been provided by Buyer to Arminak & Associates, will not infringe upon the patent, copyright, trademark, or intellectual property rights of a third party.

2. **EXCEPT AS SPECIFICALLY PROVIDED IN PARAGRAPH 1 OF THIS AGREEMENT, ARMINAK & ASSOCIATES MAKES NO WARRANTIES EITHER EXPRESS OR IMPLIED AS TO ANY MATTER WHATSOEVER, INCLUDING WARRANTIES AS TO MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.**

3. Delivery shall be F.O.B. Arminak & Associates' shipping dock. Partial deliveries are permitted. Arminak & Associates may deliver the products before the scheduled delivery date. Risk of loss passes to Buyer upon tender of delivery. All risk of injury to or loss of products shall be on Buyer. Buyer accepts full responsibility for any risk of harm to the units resulting from any and all causes after products leave Arminak & Associates' warehouse including, but not limited to, damages resulting from extreme temperatures, incompatible liquids, transportation, shipping, storage, and filling.

4. Unless Buyer rejects, and notifies Arminak & Associates within calendar 10 days from date of delivery of the products or any portion thereof that Buyer will not take over the products or the portion thereof received by the Buyer; or if Buyer uses or does any act inconsistent with Arminak & Associates' rights in the products, Buyer will be held to have taken over such products. If Arminak & Associates do not receive notice of rejection within 10 calendar days from date of delivery of the products or any portion thereof then ability to reject for not being in conformance with the sample is waived.

5. Buyer affirms that if Arminak & Associates builds any mold(s) pursuant to Buyer's specifications or otherwise Arminak & Associates owns any and all rights to such molds. If Arminak & Associates does not create the mold but uses mold(s) given to Arminak & Associates by Buyer, then Buyer hereby represents and warrants that Arminak & Associates is the owner of the mold(s) and that Arminak & Associates has the unqualified right to use such mold(s).

6. Buyer hereby agrees to indemnify Arminak & Associates and shall hold harmless Arminak & Associates, any officer, director, employee or agent thereof (each of the foregoing being hereinafter referred to individually as "Indemnified Party") for all liability to third parties, and all reasonable expenses incurred by Arminak & Associates, including but not limited to court costs and reasonable attorneys' fees incurred, arising from or in connection with any third party claim against Arminak & Associates for alleged non-permitted and/or unauthorized use of any mold(s), logo or design, given by Buyer to Arminak & Associates, or claim of trade secret, patent, copyright, or other infringement by virtue of Arminak & Associates' use of any intellectual property delivered or maintained by Buyer. Buyer's obligation to indemnify any Indemnified Party will survive the expiration or termination of this agreement by either party for any reason.

7. Arminak & Associates shall not be liable for any delay in its performance under this agreement or be obligated to perform any obligation where it is unable to do so or doing so would be commercially impracticable or impossible, or subject to a substantial impediment. "Substantial impediment" is defined for purposes of this agreement, to include any act of God or public enemies; strike, lockout or other labor disturbance; declared or undeclared war; blockade or embargo; riot, sabotage, insurrection or civil disturbance; explosion; epidemic; landslide; lightning; earthquake; fire; loss of power or gas; storm or other severe weather condition; flood; washout; breakdown; or failure of major equipment, including shutdowns for scheduled maintenance or inventory control; delay or failure of usual sources of transportation; order, restraint or prohibition of governmental authority having jurisdiction over the products to be produced by Arminak & Associates under this agreement, the parties, their agents, officers, directors or employees, or subcontractors; and failure, due to any of the foregoing, by any of Arminak & Associates' subcontractors, suppliers or parties supplying labor, material or other items necessary for Arminak & Associates' performance under this agreement. Arminak & Associates shall have such additional time within which to perform its obligations as may be reasonably necessary under the circumstances. Arminak & Associates, in response to an impediment, may deliver to Buyer such quantity of products as Arminak & Associates may determine in its sole and absolute discretion and Buyer shall be obligated to compensate Arminak & Associates upon delivery for whatever portion of the products are delivered.

8. **IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT. ARMINAK & ASSOCIATES' LIABILITY ARISING UNDER THESE CONDITIONS FOR THE MANUFACTURE, SALE, DELIVERY RESALE, REPAIR, REPLACEMENT, USE OF ANY PRODUCTS PURCHASED UNDER THESE CONDITIONS (OR FAILURE TO DO ANY OF THE FOREGOING) (INCLUDING LIABILITY ARISING FROM BREACH OF CONTRACT OR FROM TORT, WHETHER OR NOT ARMINAK & ASSOCIATES HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LIABILITY), IN NO CASE SHALL EXCEED THE TOTAL AMOUNT OF THE PRODUCTS PAID FOR HEREUNDER AND INVOLVED IN THE CLAIMED BREACH, TORT (INCLUDING NEGLIGENCE, STRICT LIABILITY, AND MISREPRESENTATION) OR NON-PERFORMANCE THEREOF. HOWEVER, THE PROVISIONS OF THIS SECTION 8 SHALL NOT APPLY IN ANY WAY TO THE BUYER'S OBLIGATION TO INDEMNIFY ANY INDEMNIFIED PARTY.**

9. Any claims involving quantity, quality, delivery, and Arminak & Associates' liability shall in no event exceed the purchase price. If Arminak & Associates cannot replace the products and repair is not commercially practicable or cannot be made, Arminak & Associates will refund the purchase price. No products will be accepted for return without Arminak & Associates' written consent. All orders subject to 10% over or under run. Above specifications are based on commercially acceptable tolerances.

10. This agreement shall be deemed to be made in Duarte, California, and shall be construed under the laws of the State of California. Any litigation arising by reason of this agreement shall be filed in the County of Los Angeles, State of California. If any legal action or other proceeding is brought for the enforcement or interpretation of this agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with any of this agreement, the successful or prevailing party shall be entitled to the recovery of its reasonable attorney's fees and other cost incurred, in addition to any other relief to which it may be entitled.

11. The terms of this agreement shall be incorporated into and supersede all inconsistent terms of any and all prior contracts, purchase orders, and invoices regarding the samples delivered with this agreement. No supplementation or modification of this agreement shall be binding, unless executed in writing by both the parties to be bound thereby.

CSAIT-0222-06   1350 Mountain View Circle, Azusa, CA. 91702 626-358-4804-Fax-626-358.4688 - www.arminak-associates.com

# Invoice

| DATE | INVOICE NO. |
|---|---|
| 8/8/2007 | 6028 |

| BILL TO | SHIP TO |
|---|---|
| Limelight Ltd<br>40 E. 34th Street 1415<br>New York, NY 10016 | Next Step<br>130-13 91 ST Avenue<br>Richmon Hill, NY 11418 |

| Rep | Order Number | TERMS | DUE DATE | Customer P.O. |
|---|---|---|---|---|
| RM | 4950 | Net 30 | 9/7/2007 | |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Model AAF3 Foamer Pump<br>40mm PP Natural Foamer Pump, Output 1.6cc, 150/240 Mesh, 304S, PE Dip Tube with Notch Cut, Stainless Steel Spring, Orientation as approved<br>Dip Tube Length<br>PE Dip Tube with Angle Cut | 24,000 | 0.304 | 7,296.00 |
| PALLET CHARGES | 2 | 10.00 | 20.00 |

We are not liable for any damage to products in the items covered by this invoice. Any claims involving quality shall be made promptly but no later than 48 Hours after delivery. Claims for shipping damages, or shortages must be made upon ROG to delivering carrier. Sellers liability shall in no event exceed the purchase price. Payment is due on or before the due date. Late payments are subject to 2% percent interest per month. We report all slow paying accounts & prompt paying accounts to Dun & Bradstreet.

**Total** $7,316.00

**Balance Due** $7,316.00

1. Buyer represents and warrants that Buyer has had ample opportunity to inspect and examine the sample of the products as fully as Buyer desires, and that Buyer has examined the sample and found no defects therein. **Arminak & Associates makes no representations or warranties** other than that the products to be delivered under this contract will be within commercially reasonable tolerances of the sample inspected and accepted. Buyer represents and warrants that the reproduction by Arminak & Associates of any model, logo, or design of any kind, which has been provided by Buyer to Arminak & Associates, will not infringe upon the patent, copyright, trademark, or intellectual property rights of a third party.

2. **EXCEPT AS SPECIFICALLY PROVIDED IN PARAGRAPH 1 OF THIS AGREEMENT, ARMINAK & ASSOCIATES MAKES NO WARRANTIES EITHER EXPRESS OR IMPLIED AS TO ANY MATTER WHATSOEVER, INCLUDING WARRANTIES AS TO MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.**

3. Delivery shall be F.O.B. Arminak & Associates' shipping dock. Partial deliveries are permitted. Arminak & Associates may deliver the products before the scheduled delivery date. Risk of loss passes to Buyer upon tender of delivery. All risk of injury to or loss of products shall be on Buyer. Buyer accepts full responsibility for any risk of harm to the units resulting from any and all causes after products leave Arminak & Associates' warehouse including, but not limited to, damages resulting from extreme temperatures, incompatible liquids, transportation, shipping, storage, and filling.

4. Unless Buyer rejects, and notifies Arminak & Associates within calendar 10 days from date of delivery of the products or any portion thereof that Buyer will not take over the products or the portion thereof received by the Buyer, or if Buyer uses or does any act inconsistent with Arminak & Associates' rights in the products, Buyer will be held to have taken over such products. If notice of rejection is not received by Arminak & Associates within 10 calendar days from date of delivery of the products or any portion thereof then ability to reject for not being in conformance with the sample is waived.

5. Buyer affirms that if Arminak & Associates builds any mold(s) pursuant to Buyer's specifications or otherwise Arminak & Associates owns any and all rights to such molds. If Arminak & Associates does not create the mold but uses mold(s) given to Arminak & Associates by Buyer, then Buyer hereby represents and warrants that Arminak & Associates is the owner of the mold(s) and that Arminak & Associates has the unqualified right to use such mold(s).

6. Buyer hereby agrees to indemnify Arminak & Associates and shall hold harmless Arminak & Associates, any officer, director, employee or agent thereof (each of the foregoing being hereinafter referred to individually as "Indemnified Party") for all liability to third parties, and all reasonable expenses incurred by Arminak & Associates, including but not limited to court costs and reasonable attorneys' fees incurred, arising from or in connection with any third party claim against Arminak & Associates for alleged non-permitted and/or unauthorized use of any mold(s), logo or design, given by Buyer to Arminak & Associates, or claim of trade secret, patent, copyright, or other infringement by virtue of Arminak & Associates' use of any intellectual property delivered or maintained by Buyer. Buyer's obligation to indemnify any Indemnified Party will survive the expiration or termination of this agreement by either party for any reason.

7. Arminak & Associates shall not be liable for any delay in its performance under this agreement or be obligated to perform any obligation where it is unable to do so or doing so would be commercially impracticable or impossible, or subject to a substantial impediment. "Substantial impediment" is defined for purposes of this agreement, to include any act of God or public enemies; strike; lockout or other labor disturbance; declared or undeclared war; blockade or embargo; riot, sabotage, insurrection or civil disturbance; explosion; epidemic; landslide; lightning; earthquake; fire; loss of power or gas; storm or other severe weather condition; flood; washout; breakdown; or failure of major equipment, including shutdowns for scheduled maintenance or inventory control; delay or failure of usual sources of transportation; order, restraint or prohibition of governmental authority having jurisdiction over the products to be produced by Arminak & Associates under this agreement; the parties, their agents, officers, directors or employees, or subcontractors; and failure, due to any of the foregoing, by any of Arminak & Associates' subcontractors, suppliers or parties supplying labor, material or other items necessary for Arminak & Associates' performance under this agreement. Arminak & Associates shall have such additional time within which to perform its obligations as may be reasonably necessary under the circumstances. Arminak & Associates, in response to an impediment, may deliver to Buyer such quantity of products as Arminak & Associates may determine in its sole and absolute discretion and Buyer shall be obligated to compensate Arminak & Associates upon delivery for whatever portion of the products are delivered.

8. **IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT. ARMINAK & ASSOCIATES' LIABILITY ARISING UNDER THESE CONDITIONS FOR THE MANUFACTURE, SALE, DELIVERY, RESALE, REPAIR, REPLACEMENT, USE OF ANY PRODUCTS PURCHASED UNDER THESE CONDITIONS (OR FAILURE TO DO ANY OF THE FOREGOING) INCLUDING LIABILITY ARISING FROM BREACH OF CONTRACT OR FROM TORT, WHETHER OR NOT ARMINAK & ASSOCIATES HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LIABILITY), IN NO CASE SHALL EXCEED THE TOTAL AMOUNT OF THE PRODUCTS PAID FOR HEREUNDER AND INVOLVED IN THE CLAIMED BREACH, TORT (INCLUDING NEGLIGENCE, STRICT LIABILITY, AND MISREPRESENTATION) OR NON-PERFORMANCE THEREOF. HOWEVER, THE PROVISIONS OF THIS SECTION 8 SHALL NOT APPLY IN ANY WAY TO THE BUYER'S OBLIGATION TO INDEMNIFY ANY INDEMNIFIED PARTY.**

9. Any claims involving quantity, quality, delivery, and Arminak & Associates' liability shall in no event exceed the purchase price. If Arminak & Associates cannot replace the products and repair is not commercially practicable or cannot be made, Arminak & Associates will refund the purchase price. No product will be accepted for return without Arminak & Associates' written consent. All orders subject to 10% over or under run. Above specifications are based on commercially acceptable tolerances.

10. This agreement shall be deemed to be made in Azusa, California, and shall be construed under the laws of the State of California. Any litigation arising by reason of this agreement shall be filed in the County of Los Angeles, State of California. If any legal action or other proceeding is brought for the enforcement or interpretation of this agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with any of this agreement, the successful or prevailing party shall be entitled to the recovery of its reasonable attorney's fees and other cost incurred, in addition to any other relief to which it may be entitled.

11. The terms of this agreement shall be incorporated into and supercede all inconsistent terms of any and all prior contracts, purchase orders, and invoices regarding the samples delivered with this agreement. No supplementation or modification of this agreement shall be binding, unless executed in writing by both the parties to be bound.

4828-2172-1688.1

# Invoice

| DATE | INVOICE NO |
|---|---|
| 8/8/2007 | 6827 |

| BILL TO | SHIP TO |
|---|---|
| Limelight Ltd<br>40 E. 34th Street 1415<br>New York, NY 10016 | Trademark<br>361 Gordon Street<br>Allentown, PA 18102 |

| Rep | Order Number | TERMS | DUE DATE | Customer P.O |
|---|---|---|---|---|
| RM | 4949 | Net 30 | 9/7/2007 | |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Model: Bottle01 AA005<br>270ml Clear Oval PET Bottle.<br>40/410 Neck Closure | 24,000 | 0.24 | 5,760.00 |
| PALLET CHARGES | 7 | 10.00 | 70.00 |
| Freight Charges<br>Bottles & Pumps | 1 | 2,095.00 | 2,095.00 |

We are not liable for any damage to products in the items covered by this invoice. Any claims involving quality shall be made promptly but no later than 48 Hours after delivery. Claims for shipping damages, or shortages must be made upon ROG to delivering carrier. Sellers liability shall in no event exceed the purchase price. Payment is due on or before the due date. Late payments are subject to 2% percent interest per month. We report all slow paying accounts & prompt paying accounts to Dun & Bradstreet.

| Total | $7,925.00 |
|---|---|
| **Balance Due** | $7,925.00 |

1. Buyer represents and warrants that Buyer has had ample opportunity to inspect and examine the sample of the products as fully as Buyer desires, and that Buyer has examined the sample and found no defects therein. **Arminak & Associates makes no representations or warranties** other than that the products to be delivered under this contract will be within commercially reasonable tolerances of the sample inspected and accepted. Buyer represents and warrants that the reproduction by Arminak & Associates of any model, logo, or design of any kind, which has been provided by Buyer to Arminak & Associates, will not infringe upon the patent, copyright, trademark, or intellectual property rights of a third party.

2. **EXCEPT AS SPECIFICALLY PROVIDED IN PARAGRAPH 1 OF THIS AGREEMENT, ARMINAK & ASSOCIATES MAKES NO WARRANTIES EITHER EXPRESS OR IMPLIED AS TO ANY MATTER WHATSOEVER, INCLUDING WARRANTIES AS TO MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.**

3. Delivery shall be F.O.B. Arminak & Associates' shipping dock. Partial deliveries are permitted. Arminak & Associates may deliver the products before the scheduled delivery date. Risk of loss passes to Buyer upon tender of delivery. All risk of injury to or loss of products shall be on Buyer. Buyer accepts full responsibility for any risk of harm to the units resulting from any and all causes after products leave Arminak & Associates' warehouse including, but not limited to, damages resulting from extreme temperatures, incompatible liquids, transportation, shipping, storage, and filling.

4. Unless Buyer rejects, and notifies Arminak & Associates within calendar 10 days from date of delivery of the products or any portion thereof that Buyer will not take over the products or the portion thereof received by the Buyer, or if Buyer uses or does any act inconsistent with Arminak & Associates' rights in the products, Buyer will be held to have taken over such products. If notice of rejection is not received by Arminak & Associates within 10 calendar days from date of delivery of the products or any portion thereof then ability to reject for not being in conformance with the sample is waived.

5. Buyer affirms that if Arminak & Associates builds any mold(s) pursuant to Buyer's specifications or otherwise Arminak & Associates owns any and all rights to such molds. If Arminak & Associates does not create the mold but uses mold(s) given to Arminak & Associates by Buyer, then Buyer hereby represents and warrants that Arminak & Associates is the owner of the mold(s) and that Arminak & Associates has the unqualified right to use such mold(s).

6. Buyer hereby agrees to indemnify Arminak & Associates and shall hold harmless Arminak & Associates, any officer, director, employee or agent thereof (each of the foregoing being hereinafter referred to individually as "Indemnified Party") for all liability to third parties, and all reasonable expenses incurred by Arminak & Associates, including but not limited to court costs and reasonable attorneys' fees incurred, arising from or in connection with any third party claims against Arminak & Associates for alleged non-permitted and/or unauthorized use of any mold(s), logo or design, given by Buyer to Arminak & Associates, or claim of trade secret, patent, copyright, or other infringement by virtue of Arminak & Associates' use of any intellectual property delivered or maintained by Buyer. Buyer's obligation to indemnify any Indemnified Party will survive the expiration or termination of this agreement by either party for any reason.

7. Arminak & Associates shall not be liable for any delay in its performance under this agreement or be obligated to perform any obligation where it is unable to do so or doing so would be commercially impracticable or impossible, or subject to a substantial impediment. "Substantial impediment" is defined for purposes of this agreement, to include any act of God or public enemies; strike; lockout or other labor disturbance; declared or undeclared war; blockade or embargo; riot; sabotage, insurrection or civil disturbance; explosion; epidemic; landslide; lightning; earthquake; fire; loss of power or gas; storm or other severe weather condition; flood, washout; breakdown; or failure of major equipment, including shutdowns for scheduled maintenance or inventory control; delay or failure of usual sources of transportation; order, restraint or prohibition of governmental authority having jurisdiction over the products to be produced by Arminak & Associates under this agreement, the parties, their agents, officers, directors or employees, or subcontractors, and failure, due to any of the foregoing, by any of Arminak & Associates' subcontractors, suppliers or parties supplying labor, material or other items necessary for Arminak & Associates' performance under this agreement. Arminak & Associates shall have such additional time within which to perform its obligations as may be reasonably necessary under the circumstances. Arminak & Associates, in response to an impediment, may deliver to Buyer such quantity of products as Arminak & Associates may determine in its sole and absolute discretion and Buyer shall be obligated to compensate Arminak & Associates upon delivery for whatever portion of the products are delivered.

8. IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT. ARMINAK & ASSOCIATES' LIABILITY ARISING UNDER THESE CONDITIONS FOR THE MANUFACTURE, SALE, DELIVERY, RESALE, REPAIR, REPLACEMENT, USE OF ANY PRODUCTS PURCHASED UNDER THESE CONDITIONS (OR FAILURE TO DO ANY OF THE FOREGOING) (INCLUDING LIABILITY ARISING FROM BREACH OF CONTRACT OR FROM TORT, WHETHER OR NOT ARMINAK & ASSOCIATES HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LIABILITY), IN NO CASE SHALL EXCEED THE TOTAL AMOUNT OF THE PRODUCTS PAID FOR HEREUNDER AND INVOLVED IN THE CLAIMED BREACH, TORT (INCLUDING NEGLIGENCE, STRICT LIABILITY, AND MISREPRESENTATION) OR NON-PERFORMANCE THEREOF. HOWEVER, THE PROVISIONS OF THIS SECTION 8 SHALL NOT APPLY IN ANY WAY TO THE BUYER'S OBLIGATION TO INDEMNIFY ANY INDEMNIFIED PARTY.

9. Any claims involving quantity, quality, delivery, and Arminak & Associates' liability shall in no event exceed the purchase price. If Arminak & Associates cannot replace the products and repair is not commercially practicable or cannot be made, Arminak & Associates will refund the purchase price. No products will be accepted for return without Arminak & Associates' written consent. All orders subject to 10% over or under run. Above specifications are based on commercially acceptable tolerances.

10. This agreement shall be deemed to be made in Azusa, California, and shall be construed under the laws of the State of California. Any litigation arising by reason of this agreement shall be filed in the County of Los Angeles, State of California. If any legal action or other proceeding is brought for the enforcement or interpretation of this agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with any of this agreement, the successful or prevailing party shall be entitled to the recovery of its reasonable attorney's fees and other cost incurred, in addition to any other relief to which it may be entitled.

11. The terms of this agreement shall be incorporated into and supercede all inconsistent terms of any and all prior contracts, purchase orders, and invoices regarding the samples delivered with this agreement. No supplementation or modification of this agreement shall be binding, unless executed in writing by both the parties to be bound.

4828-2172-1080.1