UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

LIMELIGHT LTD,

               Plaintiffs,

     -against-

ARMINAK & ASSOCIATES,
            Defendants.
-----------------------------------------------------------X

Case No: 08-CIV-5139 (LTS) (FM)

**NOTICE OF MOTION
TO DISMISS COMPLAINT
PURSUANT
TO FED. R. CIV.P 12(b)**

(Judge Laura Taylor Swain)

**TO:** Jay Ginsberg, Esq.
     Michael Kramer & Associates, P.C.
     150 East 58th Street
     New York, New York 10155

SIR:

     **PLEASE TAKE NOTICE** that on _____, 2008, at 10:00

am. or as soon thereafter as counsel may be heard, the undersigned, attorneys for

defendant, Arminak and Associates, Inc., shall move before the Honorable Laura Taylor

Swain, U.S.D.C.J, at the United States Courthouse, 500 Pearl Street, New York, New

York for an order dismissing Plaintiff's complaint pursuant to <u>Fed.R.Civ.P.</u>12(b)

and the parties' forum selection clause, together with such other and further relief as

this Court deems just and proper.

     Defendant shall rely upon the memorandum of law and the declaration of Helga

Arminak, submitted herewith.

1

## CERTIFICATION PURSUANT TO JUDGE SWAIN'S INDIVIDUAL PRACTICE RULE 2(B)

The movant, through counsel, has used its best efforts to resolve informally the matters raised in this application.

POPESCU, IOSEPOVICI & ASSOCIATES
Attorneys for Defendant, Arminak & Associates, Inc.

_/s Robert S. Popescu_

ROBERT S. POPESCU, ESQ. (9677)
225 Broadway Suite 1901
New York, New York 10007
(212) 766-9696
E-Mail: rsp.esq@pialawfirm.com

DATED: September 04, 2008

## DECLARATION OF SERVICE

I, Loredana Sociu, duly sworn according to law, do hereby declare:

1. I am employed as a paralegal for Popescu, Iosepovici & Associates, attorneys for the petitioner, Arminak and Associates, Inc..

2. On September 05, 2008 I personally served via **Federal Express**, a copy of the following documents:

      - Notice of Motion;

      - Supporting Declaration; and

      - Memorandum of Law

to the following individual(s):

      **Rubin Jay Ginsberg, Esq**
      **c/o Michael Kramer & Associates, PC.**
      **150 East 58 Street**
      **New York, New York 10155**

In addition, a copy of all moving papers were filed and served electronically pursuant to the Court's ECF Rules.

*I hereby declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C Section 1746, that the foregoing is true and correct to the best of my knowledge.*

                                  *s/ Loredana Sociu*
                                   Loredana Sociu

DATED: September 05, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LIMELIGHT LTD.,                          **Case No: 08-CIV-5139 (LTS) (FM)**
                    Plaintiff,

        -against-                        **DECLARATION OF HELGA ARMINAK**
                                         **IN SUPPORT OF DEFENDANT'S**
                                         **MOTION TO DISMISS THE**
                                         **COMPLAINT**

ARMINAK & ASSOCIATES,
                    Defendant.
--------------------------------------------------------x

I, Helga Arminak, President of Arminak & Associates, Inc. hereby declare as follows:

   1.    I am the President and Chief Executive Officer of Arminak & Associates,

         Inc. ("Arminak"), the named Defendant in this action.  I have personal

         knowledge of all matters averred herein.  I make this declaration in support

         of Defendant Arminak's motion to dismiss this action on the basis of the

         forum selection clause contained in the parties' written agreement.


   2.    Arminak manufactures various goods for use in the cosmetics industry.

         Arminak's address is 1315 Mountain View Circle, Azusa California 91702.


   3.    On June 1, 2007 Plaintiff, Limelight, LTD. ("Limelight"), a commercial

         supplier of cosmetic goods, ordered certain products from Arminak, as

         detailed in the purchase order annexed hereto as **EXHIBIT A.**


   4.    Arminak then manufactured multiple samples of the requested products and

         sent the samples to Limelight for inspection and approval.

5.    On June 29, 2007 Limelight approved all samples and executed a detailed

Production Order, a true and complete copy of which is attached hereto as

**EXHBIT B**. The production order was executed on behalf of Limelight by

its Vice President, Molly Stutter.

6.    In relevant part, the Production Order executed by Limelight provided as

follows:

> *This agreement shall be deemed to be made in Duarte, California, and*
>
> *shall be construed under the laws of the state of California. Any*
>
> *litigation arising by reason of this agreement shall be filed in the*
>
> *County of Los Angeles, State of California. (Exhibit B, ¶10.)*

7.    Subsequent to Limelight's execution of the aforesaid agreement, Arminak

produced and shipped the requested products. Arminak sent two separate

invoices to Limelight, one in the amount of $7,316.00 and the other one in

the amount of $7,925.00, for a total of $15,241.00. The invoices are

attached hereto under cover of **EXHIBIT C.** In relevant part, each invoice

memorialized the parties existing understanding that

> *Any litigation arising by reason of this agreement shall be filed in the*
>
> *County of Los Angeles, State of California. (Exhibit C, ¶10.)*

2

8.    In violation of the parties' agreement, Limelight instituted an action against

Arminak in the Supreme Court of the State of New York, claiming that

Arminak supplied defective products to Limelight's clients.  A copy of

Limelight's complaint is attached hereto as **EXHIBIT D.**


9.    On June 04, 2008 Arminak removed this matter to the United States District

Court for the Southern District of New York. A true copy of the Filed Notice

of Removal in attached hereto as **EXHIBIT E.**


10.    Arminak now moves for the dismissal of the complaint on the basis of the

parties' forum selection clause contained in the agreement and attached

hereto as **EXHIBIT B,** as further memorialized in the invoices attached

hereto as **EXHIBIT C**.


I hereby declare under penalty of perjury under the laws of the United

States of America, pursuant to 28 U.S.C Section 1746, that the foregoing is true

and correct to the best of my knowledge.


s/     *Helga Arminak*

HELGA ARMINAK, PRESIDENT
OF ARMINAK & ASSOCIATES, INC.

DATED: September 04, 2008

3

# EXHIBIT A

*Limelight LTD*

*40 E. 34th Street*
*New York, NY 10016*
212 532 4056
limelight@limelightltd.com

# Purchase Order

| Date | P.O. No. |
|------|----------|
| 6/1/2007 | 1 |

**Vendor:**

Arminak& Associates
1350 Mountain View Circle
Azusa, CA 91702
Fax# 866-251-8394

**Ship To**

Next Step
130-13 91st Street
Richmond Hill, NY 11418

| Ship Date |
|-----------|
| 6/1/2007 |

| Item | Description | Qty | Rate | Amount |
|------|-------------|-----|------|--------|
| AAF1 Foamer | MAC Foaming Cleanser Program | 24,000 | 0.304 | 7,296.00 |
| Bottle 01AA005 | MAC FoamerBottle | 24,000 | 0.24 | 5,760.00 |
| delivery 1 | Delivery - FOB NY | | 1,500.00 | 1,500.00 |

Product Estimated within 10 weeks

| | Total | $14,556.00 |
|--|-------|------------|

# EXHIBIT B



# CUSTOMER SAMPLE APPROVAL

Page 1 of 2

Arminak
& Associates

## URGENT!

## X PRODUCTION ORDER __ COLOR MATCH __ ARTWORK APPROVAL

| Date: | 06/28/07 | Sample Mail Date: | 06/28/07 | |
|---|---|---|---|---|
| Customer Name | Courtney Oxland | *Molly Sutter* | | |
| Company Name | Limelight LTD | | | |
| Customer Address | 40 E 34th Street Suite 1415 New York, NY. 10016 | | | |
| A&A   P.O. # | 4950 | | Customer  P.O. # | 1 |
| Item Name: | 250ml Foamer Bottle | | Part No.: | AAF1 Foamer Pump |
| Description: | 40mm PP Solid White Foamer Pump, Output 1.6cc, 150/240 Mesh, 304S, PE Dip Tube with Notch Cut, Stainless Steel Spring Dip Tube Length: 50mm Below Housing. | | | |

**Please review enclosed samples, sign below, and return ONE sample SIGNED with the original of the signed approval sheet.**
**FAX TO EXPEDITE. Thank you**

We are pleased to submit the following samples for your careful review and approval. Your order will be produced within commercially acceptable tolerances of the samples. By signing this agreement, you are accepting full responsibility for size, shape, specifications, compatibility, function, color, and asethetics of the product, and you are agreeing to the terms set forth below, AS WELL AS THE INVOICE TERMS SET FORTH ON THE BACK OF THIS FORM, and incorporated by this reference.

You represent and warrants that the reproduction by Arminak & Associates of any model, logo, or design of any kind, which has been provided by Buyer to Arminak & Associates, will not infringe upon the patent, copyright, trademark, or intellectual property rights of a third party.

You agree to indemnify Arminak & Associates and shall hold harmless Arminak & Associates, any officer, director, employee or agent thereof (each of the foregoing being hereinafter referred to individually as "Indemnified Party") for all liability to third parties, and all reasonable expenses incurred by Arminak & Associates, including but not limited to court costs and reasonable attorneys' fees incurred, arising from or in connection with any third party claim against Arminak & Associates for alleged non-permitted and/or unauthorized use of any mold(s), logo or design, given by Buyer to Arminak & Associates, or claim of trade secret, patent, copyright, or other infringement by virtue of Arminak & Associates' use of any intellectual property delivered or maintained by Buyer.

You agree to accept full responsibility for any and all risk of harm to the units resulting from any and all causes after the units leave our warehouse including, but not limited to, damages resulting from extreme temperatures, incompatible liquids, transportation, shipping, storage, and filling.

WE MAKE NO WARRANTIES OF THE PRODUCTS, EXPRESSED OR IMPLIED, other than the warranty that the products will be within commercially acceptable tolerances of the sample approved by you. Our liability for any loss or damage arising out of the purchase or use of the products is limited to the purchase price of the products. In no event shall we be liable for incidental or consequential damages or damages arising out of or in any way relating to our sales to you.

After carefully reading this agreement, which includes the invoice terms set forth on the back of this form, please sign and date this agreement. The undersign represents that he/she has the authority to enter into this Agreement on the above identified Customer. A faxed response will ensure the shortest lead-time.

| Company | *Limelight Ltd.* | Accepted | ✓ | Rejected |
|---|---|---|---|---|
| Signature | *Molly Sutter* | Title | *Vice President* | |
| Printed name | *Molly Sutter* | Date | *10/29/07* | |

## INVOICES TERMS

Page 2 of 2

1.  Buyer represents and warrants that Buyer has had many opportunities to inspect and examine the sample of the products as fully as Buyer desires, and that Buyer has examined the sample and found no defects therein. **Arminak & Associates makes no representations or warranties** other than that the products to be delivered under this contract will be within commercially reasonable tolerances of the sample inspected and accepted. Buyer represents and warrants that the reproduction by Arminak & Associates of any model, logo, or design of any kind, which has been provided by Buyer to Arminak & Associates, will not infringe upon the patent, copyright, trademark, or intellectual property rights of a third party.

2.  **EXCEPT AS SPECIFICALLY PROVIDED IN PARAGRAPH 1 OF THIS AGREEMENT, ARMINAK & ASSOCIATES MAKES NO WARRANTIES EITHER EXPRESS OR IMPLIED AS TO ANY MATTER WHATSOEVER, INCLUDING WARRANTIES AS TO MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.**

3.  Delivery shall be F.O.B. Arminak & Associates' shipping dock. Partial deliveries are permitted. Arminak & Associates may deliver the products before the scheduled delivery dates. Risk of loss passes to Buyer upon tender of delivery. All risk of injury to or loss of products shall be on Buyer. Buyer accepts full responsibility for any risk of harm to the units resulting from any and all causes after products leave Arminak & Associates' warehouse including, but not limited to, damages resulting from extreme temperatures, incompatible liquids, transportation, shipping, storage, and filling.

4.  Unless Buyer rejects, and notifies Arminak & Associates within calendar 10 days from date of delivery of the products or any portion thereof that Buyer will not take over the products or the portion thereof received by the Buyer, or if Buyer uses or does any act inconsistent with Arminak & Associates' rights in the products, Buyer will be held to have taken over such products. If Arminak & Associates do not receive notice of rejection within 10 calendar days from date of delivery of the products or any portion thereof then ability to reject for not being in conformance with the sample is waived.

5.  Buyer affirms that if Arminak & Associates builds any mold(s) pursuant to Buyer's specifications or otherwise Arminak & Associates owns any and all rights to such molds. If Arminak & Associates does not create the mold but uses mold(s) given to Arminak & Associates by Buyer, then Buyer hereby represents and warrants that Arminak & Associates is the owner of the mold(s) and that Arminak & Associates has the unqualified right to use such mold(s).

6.  Buyer hereby agrees to indemnify Arminak & Associates and shall hold harmless Arminak & Associates, any officer, director, employee or agent thereof (each of the foregoing being hereinafter referred to individually as "Indemnified Party") for all liability to third parties, and all reasonable expenses incurred by Arminak & Associates, including but not limited to court costs and reasonable attorneys' fees incurred, arising from or in connection with any third party claim against Arminak & Associates for alleged non-permitted and/or unauthorized use of any mold(s), logo or design, given by Buyer to Arminak & Associates, or claim of trade secret, patent, copyright, or other infringement by virtue of Arminak & Associates' use of any intellectual property delivered or maintained by Buyer. Buyer's obligation to indemnify any Indemnified Party will survive the expiration or termination of this agreement by either party for any reason.

7.  Arminak & Associates shall not be liable for any delay in its performance under this agreement or be obligated to perform any obligation where it is unable to do so or doing so would be commercially impracticable or impossible, or subject to a substantial impediment. "Substantial impediment" is defined for purposes of this agreement, to include any act of God or public enemies; strike, lockout or other labor disturbance; declared or undeclared war; blockade or embargo; riot, sabotage, insurrection or civil disturbance; explosion; epidemic; landslide; lightning; earthquake; fire; loss of power or gas, storm or other severe weather condition; flood; washout; breakdown; or failure of major equipment, including shutdowns for scheduled maintenance or inventory control; delay or failure of usual sources of transportation; order, restraint or prohibition of governmental authority having jurisdiction over the products to be produced by Arminak & Associates under this agreement, the parties, their agents, officers, directors or employees, or subcontractors; and failure, due to any of the foregoing, by any of Arminak & Associates' subcontractors, suppliers or parties supplying labor, material or other items necessary for Arminak & Associates' performance under this agreement. Arminak & Associates shall have such additional time within which to perform its obligations as may be reasonably necessary under the circumstances. Arminak & Associates, in response to an impediment, may deliver to Buyer such quantity of products as Arminak & Associates may determine in its sole and absolute discretion and Buyer shall be obligated to compensate Arminak & Associates upon delivery for whatever portion of the products are delivered.

8.  **IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT. ARMINAK & ASSOCIATES' LIABILITY ARISING UNDER THESE CONDITIONS FOR THE MANUFACTURE, SALE, DELIVERY RESALE, REPAIR, REPLACEMENT, USE OF ANY PRODUCTS PURCHASED UNDER THESE CONDITIONS (OR FAILURE TO DO ANY OF THE FOREGOING) (INCLUDING LIABILITY ARISING FROM BREACH OF CONTRACT OR FROM TORT, WHETHER OR NOT ARMINAK & ASSOCIATES HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LIABILITY), IN NO CASE SHALL EXCEED THE TOTAL AMOUNT OF THE PRODUCTS PAID FOR HEREUNDER AND INVOLVED IN THE CLAIMED BREACH, TORT (INCLUDING NEGLIGENCE, STRICT LIABILITY, AND MISREPRESENTATION) OR NON-PERFORMANCE THEREOF. HOWEVER, THE PROVISIONS OF THIS SECTION 8 SHALL NOT APPLY IN ANY WAY TO THE BUYER'S OBLIGATION TO INDEMNIFY ANY INDEMNIFIED PARTY.**

9.  Any claims involving quantity, quality, delivery, and Arminak & Associates' liability shall in no event exceed the purchase price. If Arminak & Associates cannot replace the products and repair is not commercially practicable or cannot be made, Arminak & Associates will refund the purchase price. No products will be accepted for return without Arminak & Associates' written consent. All orders subject to 10% over or under run. Above specifications are based on commercially acceptable tolerances.

10. This agreement shall be deemed to be made in Duarte, California, and shall be construed under the laws of the State of California. Any litigation arising by reason of this agreement shall be filed in the County of Los Angeles, State of California. If any legal action or other proceeding is brought for the enforcement or interpretation of this agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with any of this agreement, the successful or prevailing party shall be entitled to the recovery of its reasonable attorney's fees and other cost incurred, in addition to any other relief to which it may be entitled.

11. The terms of this agreement shall be incorporated into and supersede all inconsistent terms of any and all prior contracts, purchase orders, and invoices regarding the samples delivered with this agreement. No supplementation or modification of this agreement shall be binding, unless executed in writing by both the parties to be bound thereby.

CSAIT-0222-06  **1350 Mountain View Circle, Azusa, CA. 91702 626-358-4804-Fax-626-358.4688** - www.arminak-associates.com

# EXHIBIT C

# Invoice

| DATE | INVOICE NO. |
|------|-------------|
| 8/8/2007 | 6028 |

| BILL TO | SHIP TO |
|---------|---------|
| Limelight Ltd<br>40 E. 34th Street 1415<br>New York, NY 10016 | Next Step<br>130-13 91 ST Avenue<br>Richmond Hill, NY 11418 |

| Rep | Order Number | TERMS | DUE DATE | Customer P.O. |
|-----|--------------|-------|----------|---------------|
| RM | 4950 | Net 30 | 9/7/2007 | 1 |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|-------------|-----|------------|--------|
| Model AAF3 Foamer Pump<br>40mm PP Natural Foamer Pump, Output 1.6cc, 150/240 Mesh,<br>304S, PE Dip Tube with Notch Cut, Stainless Steel Spring,<br>Orientation as approved<br>Dip Tube Length<br>PE Dip Tube with Angle Cut | 24,000 | 0.304 | 7,296.00 |
| PALLET CHARGES | 2 | 10.00 | 20.00 |

We are not liable for any damage to products in the items covered by this invoice. Any claims involving quality shall be made promptly but no later than 48 Hours after delivery. Claims for shipping damages, or shortages must be made upon ROG to delivering carrier. Sellers liability shall in no event exceed the purchase price. Payment is due on or before the due date. Late payments are subject to 2% percent interest per month. We report all slow paying accounts & prompt paying accounts to Dun & Bradstreet.

| Total | 57,316.00 |
|-------|-----------|
| **Balance Due** | 57,316.00 |

1. Buyer represents and warrants that Buyer has had ample opportunity to inspect and examine the sample of the products as fully as Buyer desires, and that Buyer has examined the sample and found no defects therein. **Arminak & Associates makes no representations or warranties** other than that the products to be delivered under this contract will be within commercially reasonable tolerances of the sample inspected and accepted. Buyer represents and warrants that the reproduction by Arminak & Associates of any model, logo, or design of any kind, which has been provided by Buyer to Arminak & Associates, will not infringe upon the patent, copyright, trademark, or intellectual property rights of a third party.

2. **EXCEPT AS SPECIFICALLY PROVIDED IN PARAGRAPH 1 OF THIS AGREEMENT, ARMINAK & ASSOCIATES MAKES NO WARRANTIES EITHER EXPRESS OR IMPLIED AS TO ANY MATTER WHATSOEVER, INCLUDING WARRANTIES AS TO MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.**

3. Delivery shall be F.O.B. Arminak & Associates' shipping dock. Partial deliveries are permitted. Arminak & Associates may deliver the products before the scheduled delivery date. Risk of loss passes to Buyer upon tender of delivery. All risk of injury to or loss of products shall be on Buyer. Buyer accepts full responsibility for any risk of harm to the units resulting from any and all causes after products leave Arminak & Associates' warehouse including but not limited to, damages resulting from extreme temperatures, incompatible liquids, transportation, shipping, storage, and filling.

4. Unless Buyer rejects, and notifies Arminak & Associates within calendar 10 days from date of delivery of the products or any portion thereof that Buyer, will not take over the products or the portion thereof received by the Buyer, or if Buyer uses or does any act inconsistent with Arminak & Associates' rights in the products, Buyer will be held to have taken over such products. If notice of rejection is not received by Arminak & Associates within 10 calendar days from date of delivery of the products or any portion thereof then ability to reject for not being in conformance with the sample is waived.

5. Buyer affirms that if Arminak & Associates builds any mold(s) pursuant to Buyer's specifications or otherwise Arminak & Associates owns any and all rights to such molds. If Arminak & Associates does not create the mold but uses mold(s) given to Arminak & Associates by Buyer, then Buyer hereby represents and warrants that Arminak & Associates is the owner of the mold(s) and that Arminak & Associates has the unqualified right to use such mold(s).

6. Buyer hereby agrees to indemnify Arminak & Associates and shall hold harmless Arminak & Associates, any officer, director, employee or agent thereof (each of the foregoing being hereinafter referred to individually as "Indemnified Party") for all liability to third parties, and all reasonable expenses incurred by Arminak & Associates, including but not limited to court costs and reasonable attorneys' fees incurred, arising from or in connection with any third party claim against Arminak & Associates for alleged non-permitted and/or unauthorized use of any mold(s), logo or design, given by Buyer to Arminak & Associates, or claim of trade secret, patent, copyright, or other infringement by virtue of Arminak & Associates' use of any intellectual property delivered or maintained by Buyer. Buyer's obligation to indemnify any Indemnified Party will survive the expiration or termination of this agreement by either party for any reason.

7. Arminak & Associates shall not be liable for any delay in its performance under this agreement or be obligated to perform any obligation where it is unable to do so or doing so would be commercially impracticable or impossible, or subject to a substantial impediment. "Substantial impediment" is defined for purposes of this agreement, to include any act of God or public enemies; strike; lockout or other labor disturbance, declared or undeclared war, blockade or embargo; riot, sabotage, insurrection or civil disturbance; explosion, epidemic, landslide, lightning, earthquake, fire, loss of power or gas, storm or other severe weather condition, flood, washout, breakdown; or failure of major equipment, including shutdowns for scheduled maintenance or inventory control; delay in or failure of usual sources of transportation; order, restraint or prohibition of governmental authority having jurisdiction over the products to be produced by Arminak & Associates under this agreement; the parties, their agents, officers, directors or employees, or subcontractors; and failure, due to any of the foregoing, by any of Arminak & Associates' subcontractors, suppliers or parties supplying labor, material or other items necessary for Arminak & A associate's performance under this agreement. Arminak & Associates shall have such additional time within which to perform its obligations as may be required if necessary under the circumstances. Arminak & Associates, in response to an impediment, may deliver to Buyer such quantity of products as Arminak & Associates may determine in its sole and absolute discretion and Buyer shall be obligated to compensate Arminak & Associates upon delivery for whatever portion of the products are delivered.

8. IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT. ARMINAK & ASSOCIATES' LIABILITY ARISING UNDER THESE CONDITIONS FOR THE MANUFACTURE, SALE, DELIVERY, RESALE, REPAIR, REPLACEMENT, USE OF ANY PRODUCTS PURCHASED UNDER THESE CONDITIONS (OR FAILURE TO DO ANY OF THE FOREGOING (INCLUDING LIABILITY ARISING FROM BREACH OF CONTRACT OR FROM TORT, WHETHER OR NOT ARMINAK & ASSOCIATES HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LIABILITY), IN NO CASE SHALL EXCEED THE TOTAL AMOUNT OF THE PRODUCTS PAID FOR HEREUNDER AND INVOLVED IN THE CLAIMED BREACH, TORT (INCLUDING NEGLIGENCE, STRICT LIABILITY, AND MISREPRESENTATION) OR NON-PERFORMANCE THEREOF. HOWEVER, THE PROVISIONS OF THIS SECTION 8 SHALL NOT APPLY IN ANY WAY TO THE BUYER'S OBLIGATION TO INDEMNIFY ANY INDEMNIFIED PARTY

9. Any claims involving quantity, quality, delivery, and Arminak & Associates' liability shall in no event exceed the purchase price. If Arminak & Associates cannot replace the products and repair is not commercially practicable or cannot be made, Arminak & Associates will refund the purchase price. No product will be accepted for return without Arminak & Associates' written consent. All orders subject to 10% over or under run. Above specifications are based on commercially acceptable tolerances.

10. This agreement shall be deemed to be made in Azusa, California, and shall be construed under the laws of the State of California. Any litigation arising by reason of this agreement shall be filed in the County of Los Angeles, State of California. If any legal action or other proceeding is brought for the enforcement or interpretation of this agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with any of this agreement, the successful or prevailing party shall be entitled to the recovery of its reasonable attorney's fees and other cost incurred, in addition to any other relief to which it may be entitled.

11. The terms of this agreement shall be incorporated into and supercede all inconsistent terms of any and all prior contracts, purchase orders, and invoices regarding the samples delivered with this agreement. No supplementation or modification of this agreement shall be binding, unless executed in writing by both the parties to be bound.

4828-2172-1088.1

# Invoice

| DATE | INVOICE NO |
|------|-----------|
| 1/8/2007 | 6027 |

**BILL TO**

Limelight Ltd
40 E. 34th Street 1415
New York, NY 10016

**SHIP TO**

Trademark
361 Gordon Street
Allentown, PA 18102

| Rep | Order Number | TERMS | DUE DATE | Customer P.O. |
|-----|-------------|-------|----------|---------------|
| RM | 4949 | Net 30 | 9/7/2007 | |

| DESCRIPTION | QTY | UNIT PRICE | AMOUNT |
|-------------|-----|-----------|--------|
| Model Bottle01-AA005 270ml Clear Oval PET Bottle. 40/410 Neck Closure | 24,000 | 0.24 | 5,760.00 |
| PALLET CHARGES | 7 | 10.00 | 70.00 |
| Freight Charges Bottles & Pumps | 1 | 2,095.00 | 2,095.00 |

We are not liable for any damage to products in the items covered by this invoice. Any claims involving quality shall be made promptly but no later than 48 Hours after delivery. Claims for shipping damages, or shortages must be made upon ROG to delivering carrier. Sellers liability shall in no event exceed the purchase price. Payment is due on or before the due date. Late payments are subject to 2% percent interest per month. We report all slow paying accounts & prompt paying accounts to Dun & Bradstreet.

| **Total** | $7,925.00 |
|-----------|-----------|
| **Balance Due** | $7,925.00 |

1.  Buyer represents and warrants that Buyer has had ample opportunity to inspect and examine the sample of the products as fully as Buyer desires, and that Buyer has examined the sample and found no defects therein. **Arminak & Associates makes no representations or warranties** other than that the products to be delivered under this contract will be within commercially reasonable tolerances of the sample inspected and accepted. Buyer represents and warrants that the reproduction by Arminak & Associates of any model, logo, or design of any kind, which has been provided by Buyer to Arminak & Associates, will not infringe upon the patent, copyright, trademark, or intellectual property rights of a third party.

**2.  EXCEPT AS SPECIFICALLY PROVIDED IN PARAGRAPH 1 OF THIS AGREEMENT, ARMINAK & ASSOCIATES MAKES NO WARRANTIES EITHER EXPRESS OR IMPLIED AS TO ANY MATTER WHATSOEVER, INCLUDING WARRANTIES AS TO MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.**

3.  Delivery shall be F.O.B. Arminak & Associates' shipping dock. Partial deliveries are permitted. Arminak & Associates may deliver the products before the scheduled delivery date. Risk of loss passes to Buyer upon tender of delivery. All risk of injury to or loss of products shall be on Buyer. Buyer accepts full responsibility for any risk of harm to the units resulting from any and all causes after products leave Arminak & Associates' warehouse including, but not limited to, damages resulting from extreme temperatures, incompatible liquids, transportation, shipping, storage, and filling.

4.  Unless Buyer rejects, and notifies Arminak & Associates within calendar 10 days from date of delivery of the products or any portion thereof that Buyer will not take over the products or the portion thereof received by the Buyer, or if Buyer uses or does any act inconsistent with Arminak & Associates' rights in the products, Buyer will be held to have taken over such products. If notice of rejection is not received by Arminak & Associates within 10 calendar days from date of delivery of the products or any portion thereof then ability to reject for not being in conformance with the sample is waived.

5.  Buyer affirms that if Arminak & Associates builds any mold(s) pursuant to Buyer's specifications or otherwise Arminak & Associates owns any and all rights to such molds. If Arminak & Associates does not create the mold but uses mold(s) given to Arminak & Associates by Buyer, then Buyer hereby represents and warrants that Arminak & Associates is the owner of the mold(s) and that Buyer has the unqualified right to use such mold(s).

6.  Buyer hereby agrees to indemnify Arminak & Associates and shall hold harmless Arminak & Associates, any officer, director, employee or agent thereof (each of the foregoing being hereinafter referred to individually as "Indemnified Party") for all liability to third parties, and all reasonable expenses incurred by Arminak & Associates, including but not limited to court costs and reasonable attorneys' fees incurred, arising from or in connection with any third party claim against Arminak & Associates for alleged non-permitted and/or unauthorized use of any mold(s), logo or design, given by Buyer to Arminak & Associates, or claim of trade secret, patent, copyright, or other infringement by virtue of Arminak & Associates' use of any intellectual property delivered or maintained by Buyer. Buyer's obligation to indemnify any Indemnified Party will survive the expiration or termination of this agreement by either party for any reason.

7.  Arminak & Associates shall not be liable for any delay in its performance under this agreement or be obligated to perform any obligation where it is unable to do so or doing so would be commercially impracticable or impossible, or subject to a substantial impediment. "Substantial impediment" is defined for purposes of this agreement, to include any act of God or public enemies, strike; lockout or other labor disturbance; declared or undeclared war, blockade or embargo; riot, sabotage, insurrection or civil disturbance; explosion; epidemic; landslide; lightning, earthquake; fire; loss of power or gas; storm or other severe weather condition; flood, washout, breakdown, or failure of major equipment, including shutdowns for scheduled maintenance or inventory control; delay or failure of usual sources of transportation; order, restraint or prohibition of governmental authority having jurisdiction over the products to be produced by Arminak & Associates under this agreement, the parties, their agents, officers, directors or employees, or subcontractors, and failure, due to any of the foregoing, by any of Arminak & Associates' subcontractors, suppliers or parties supplying labor, material or other items necessary for Arminak & Associates' performance under this agreement. Arminak & Associates shall have such additional time within which to perform its obligations as may be reasonably necessary under the circumstances. Arminak & Associates, in response to an impediment, may deliver to Buyer such quantity of products as Arminak & Associates may determine in its sole and absolute discretion and Buyer shall be obligated to compensate Arminak & Associates upon delivery for whatever portion of the products are delivered.

8.  IN NO EVENT SHALL EITHER PARTY BE LIABLE FOR INDIRECT, INCIDENTAL, PUNITIVE, SPECIAL, OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT. ARMINAK & ASSOCIATES' LIABILITY ARISING UNDER THESE CONDITIONS FOR THE MANUFACTURE, SALE, DELIVERY, RESALE, REPAIR, REPLACEMENT, USE OF ANY PRODUCTS PURCHASED UNDER THESE CONDITIONS (OR FAILURE TO DO ANY OF THE FOREGOING) (INCLUDING LIABILITY ARISING FROM BREACH OF CONTRACT OR FROM TORT, WHETHER OR NOT ARMINAK & ASSOCIATES HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LIABILITY), IN NO CASE SHALL EXCEED THE TOTAL AMOUNT OF THE PRODUCTS PAID FOR HEREUNDER AND INVOLVED IN THE CLAIMED BREACH, TORT (INCLUDING NEGLIGENCE, STRICT LIABILITY, AND MISREPRESENTATION) OR NON-PERFORMANCE THEREOF. HOWEVER, THE PROVISIONS OF THIS SECTION 8 SHALL NOT APPLY IN ANY WAY TO THE BUYER'S OBLIGATION TO INDEMNIFY ANY INDEMNIFIED PARTY.

9.  Any claims involving quantity, quality, delivery, and Arminak & Associates' liability shall in no event exceed the purchase price. If Arminak & Associates cannot replace the products and repair is not commercially practicable or cannot be made, Arminak & Associates will refund the purchase price. No products will be accepted for return without Arminak & Associates' written consent. All orders subject to 10% over or under run. Above specifications are based on commercially acceptable tolerances.

10.  This agreement shall be deemed to be made in Azusa, California, and shall be construed under the laws of the State of California. Any litigation arising by reason of this agreement shall be filed in the County of Los Angeles, State of California. If any legal action or other proceeding is brought for the enforcement or interpretation of this agreement or because of an alleged dispute, breach, default, or misrepresentation in connection with any of this agreement, the successful or prevailing party shall be entitled to the recovery of its reasonable attorney's fees and other cost incurred, in addition to any other relief to which it may be entitled.

11.  The terms of this agreement shall be incorporated into and supersede all inconsistent terms of any and all prior contracts, purchase orders, and invoices regarding the samples delivered with this agreement. No supplementation or modification of this agreement shall be binding, unless executed in writing by both the parties to be bound.

4828-2172-1088.1

# EXHIBIT D

05/06/2008  14:11    17149730127              ATTY SVC1                    PAGE  04/88
MAY-07-2008 WED 02:09 AM                                                   P. 005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------X

LIMELIGHT LTD.,                                      Index No.: 601317/08

                          Plaintiff,

          -against-                                  **COMPLAINT**

ARMINAK & ASSOCIATES, INC.

                          Defendant.

-------------------------------------------------X

          Plaintiff, LIMELIGHT LTD., ("Limelight" or the "Plaintiff") through its

attorneys, Michael B. Kramer & Associates, as and for its Complaint as against ARMINAK &

ASSOCIATES, INC. ("Arminak" or the "Defendant"), alleges as follows:

### THE PARTIES

1.      At all times hereinafter mentioned, the Plaintiff was and is a corporation duly

organized and existing under and by the virtue of the laws of the State of New York with its

principal place of business located at 40 East 34th Street, New York, New York 10016.

2.      Plaintiff is a supplier of cosmetics products.

3.      Upon information and belief, Defendant, Arminak, is a foreign corporation duly

organized and existing under the laws of the State of California with its principal place of

business located at 1350 Mountain View Circle, Azusa, CA 91702.

4.      At all times hereinafter mentioned, Arminak transacted and conducted business

within the State of New York and/or contracted to supply goods in the State of New York.

5.      At all times hereinafter mentioned, Arminak regularly does or solicits business, or

engages in other persistent courses of conduct, or derives substantial revenue from goods used or

consumed in the State of New York.

6.      At all times hereinafter mentioned, Arminak expected or should reasonably have

G:\MBKA\LTN\melight\Estee Lauder\Pleadings\Arminak Complaint.doc

05/06/2008  14:11     17149738127                ATTY SVC1                          PAGE  05/08
MAY-07-2008 WED 02:10 AM                                                           P. 008

expected its acts to have consequences in the State of New York, and it derived substantial

revenue from interstate or international commerce.

    7.    Upon information and belief, Arminak is a manufacturer of bottles, tubes, and

other packaging and containers for cosmetic products.

## JURISDICTION

    8.    This Court has jurisdiction over these claims pursuant to C.P.L.R. § 302(a) which

states that a New York court may exercise personal jurisdiction over any non-domiciliary, who

in person or through an agent, transacts any business within the state or contracts anywhere to

supply goods or services in the state.

## FACTUAL BACKGROUND

    9.    On or about August, 2008, Limelight and Arminak entered into an agreement

pursuant to which Arminak was to provide Limelight bottles and accompanying spray pumps

(the "Agreement"), which were in turn to be supplied by Limelight to the makeup retailer The

Estée Lauder Companies, Inc. ("Estée Lauder").

    10.    The bottles and accompanying spray pumps were to be used in conjunction with

microfiber cloths and a cleanser also supplied by Limelight to form thousands of kits to be used

to clean makeup brushes at Estée Lauder makeup sales and display counters (the "Cleansing

Kits").

    11.    Upon information, Arminak was fully aware that its bottles and spray pumps were

to be part of the Cleansing Kits.

    12.    On or about April 4, 2008, Estée Lauder informed Limelight that the bottles and

accompanying spray pumps had failed quality assurance tests.

    13.    Upon information and belief, all or a substantial portion of the bottles and

23.    By virtue of the foregoing Warranty of Merchantability, Plaintiff has been damaged by Arminak in the amount of Two Hundred Eleven Thousand Five Hundred Dollars ($211,500.00).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    On the First Cause of Action for Breach of Contract, a monetary judgment in the amount of Two Hundred Eleven Thousand Five Hundred Dollars ($211,500.00) with interest from April 4, 2008;

B.    On the Second Cause of Action for Breach of the Warranty of Merchantability, a monetary judgment in the amount of Two Hundred Eleven Thousand Five Hundred Dollars ($211,500.00) with interest from April 4, 2008; and,

C.    For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 2008

MICHAEL B. KRAMER & ASSOCIATES

By: Michael B. Kramer
Attorneys for Plaintiff
150 East 58th Street, 12th Floor
New York, New York 10155
(212) 319-0304

G:\MBK\ALIT\Emelight\Intec Lender\Pleadings\Arminak-Complaint.doc

77-26472-81
77-R

604

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————————X

LIMELIGHT LTD.,                                    Index No.: 600137/08

                          Plaintiff,               Date of Filing: 5-1-08

          -against-
                                                   **SUMMONS**

                                                   The basis of the venue is
ARMINAK & ASSOCIATES, INC.                         the place of performance
                                                   of the contract at issue.

                          Defendant.
————————————————————————————X

     TO THE ABOVE NAMED DEFENDANT:

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a

copy of your Answer on the Plaintiff's attorney indicated below, within twenty (20) days after

the service of this Summons, exclusive of the day of service (or within thirty (30) days after the

service is complete if this Summons is not personally delivered to you within the State of New

York).  In case of your failure to answer, judgment will be taken against you by default for the

relief demanded herein.
                                                        NEW YORK
                                                   COUNTY CLERKS OFFICE

                                                     MAY 01 2008

                                                   NOT COMPARED
                                                   WITH COPY FILE

O:\MRKA\LTD\melightNote Lauder\Pleadings\Arminak Summons.doc

05/06/2008  14:11   17149730127              ATTY SVC1                    PAGE  03/08
MAY-07-2008 WED 02:09 AM                                                  P. 004

TYPE OF ACTION: An action instituted by Plaintiff against Defendant for breach of

contract and breach of warranty of merchantability.

Dated: New York, New York
     April 11, 2008


              MICHAEL R. KRAMER & ASSOCIATES


              By: Michael B. Kramer
              Attorneys for the Plaintiff
              150 East 58th Street, 12th Floor
              New York, New York 10155
              (212) 319-0304

Defendant's Address:
Arminak & Associates, Inc.
1350 Mountain View Circle
Azusa, CA 91702

G:\MBKA\LITWindlightliste Louder\Pleadings\Arminak Summons.doc

# EXHIBIT E

JUDGE SWAIN    '08 CIV 5139

John Doody, Esq. (JD 0552)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
199 Water Street – 25th floor
New York, New York 10038
Telephone: 212.232.1342
Facsimile: 212.232.1399
Email: doody@lbbslaw.com

Attorney for Defendant: ARMINAK & ASSOCIATES, INC.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

LIMELIGHT LTD,                                          Index No.:

                              Plaintifff,

-against-                                               **NOTICE OF REMOVAL
                                                       OF ACTION UNDER 28
ARMINAK & ASSOCIATES, INC.,                            U.S.C. §1441(b) DIVERSITY
                                                       TO FEDERAL COURT**

                              Defendant.
--------------------------------------------------------------X

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

     **PLEASE TAKE NOTICE** that defendant's ARMINAK & ASSOCIATES, INC., hereby

submit this Notice of Removal in accordance with 28 USCA 1446 and respectfully represent as

follows:

1.  This action was commenced against defendant, Arminak & Associates, Inc., in the Supreme

    Court of the State of New York, County of New York, on or about May 1, 2008, Index

    Number 601317/2008. (See Complaint, attached hereto as Exhibit "A").

2.  The defendant seeks removal of this action pursuant to 28 USCA 1446 and Local Civil

    Rule 81.1   which permits removal of causes of action based upon diversity of citizenship

    of the parties.

3.  At the time that this action was filed, defendant was formed under the laws of the State of

    California and is now currently a corporation formed under the laws of the State of

California. Its principal place of business at the time of the filing of this action was and is currently in the State of California.

4. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, Arminak & Associates, Inc., is a citizen of the State of California. As such, Arminak & Associates, Inc., is not a citizen of the State of New York.

5. The plaintiff, in their complaint allege to have its principal place of business in the State of New York.

6. There is diversity of citizenship between the parties in this action.

THEREFORE, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of New York, Index No. 601317/2008 are HEREBY NOTIFIED pursuant to 28 USCA 1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 USCA 1446. The Civil Action is removed from the State Court to the Southern District Court of the State of New York . The parties to the Civil Action shall Proceed no further in the State Court.

WHEREFORE, Defendants pray that this cause be removed to the United States District Court, Southern District of New York.

Dated: New York, New York
       June 4, 2008

LEWIS BRISBOIS BISGAARD & SMITH, LLP

John Doody (JD 0552)
Attorneys for Defendant
199 Water Street - Suite 2500
New York, NY  10038

4817-6461-3378.1

(212) 232-1300
(212) 232-1399 fax

TO:    Michael B. Kramer
        MICHAEL B. KRAMER
        Attorneys for Plaintiffs
        150 East 58th Street, 12th floor
        New York, New York 10155
        (212) 319-0304

4817-6461-3378.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x

Case No: 08-CIV-5139(LTS) (FM)

LIMELIGHT LTD.,

        Plaintiff,

    -against-

ARMINAK & ASSOCIATES, INC.,

        Defendant.

----------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN ACCORDANCE WITH FED. R. CIV. P. 12(b) AND THE PARTIES' FORUM SELECTION CLAUSE

# TABLE OF CONTENTS

I.  **Preliminary  Statement** ....................................................................1

II.  **Statement of Relevant Facts**.................................................................1

III.  **Argument**...............................................................................................3

Point I- In this Court, a <u>Fed. R. Civ. P.</u> 12(b)(1) Motion to Dismiss the
Complaint for Lack of Subject Matter Jurisdiction is the Appropriate
Procedural Vehicle by Which to Enforce a
Forum Selection Clause  ......................................................................3

Point II-Where, as Here, the Parties' Written Agreement Incorporates
and Enforceable Forum Selection Clause, The Complaint Must be
Dismissed.............................................................................................4

IV.  **Conclusion**...........................................................................................8

# TABLE OF AUTHORITIES

*Case Law*                                                           *page(s)*

**CFirst Class, Corp v Silverjet, PLC.,**

  560 F. Supp.2d 324, 327 (S.D.N.Y 2008)............................................3,6,8

**Direct Mail Prod. Servs, Ltd v. MBNA Corp.,**

  No 99 Civ. 10550 (SHS), 2000 WL 1277597,

  at 2 (S.D.N.Y. Sept. 7, 2000).......................................................................4

**Mitubishi Motors Corp v. Soler Chrysler- Plymouth,**

  473 U.S 614,629 (1985)...............................................................................4

**New Moon Shipping Co v. Man  & W Diesel AG,**

  121 F.3d 24, 32 (2d. Cir. 1997)................................................................4,7

**Albany Ins. Co. v. Bancon Mexicano, S.A.**

  182 F.3d. 898 (2d. Cir. 1999) .....................................................................4

**Phillips v. Audio Active Ltd.,**

  494 F 3d 378, 382 (2nd Cir.2007).......................................................4,6,7,8

**John Boutari & Son v. Attiki Importers,**

  22 F.3d 51, 52-53 (2d Cir.1994)..................................................................6

**Roby v. Corp. of Lloyd's,**

  996 F.2d 1353, 1360-1361 (2d Cir. 1993)...................................................6

**Anselmo v. Univision Station Group, Inc.,**

  No 92 Civ. 1471 (RLC), 1993 WL 17173,

at *2(S.D.N.Y. Jan 15, 1993)..........................................................................6

**Hugel v Corporation of Lloyd'sl,** 999 F.2d at

209..................................................................................................................... 7

**M/S Bremen v. Zapata off- Shore Co.,**

407 U.S. 1, 15 (1972)...............................................................................7,8

# I.  PRELIMINARY STATEMENT

Defendant, Arminak and Associates, Inc. ("Arminak") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff, Limelight, LTD's ("Limelight") complaint pursuant to Fed. R. Civ. P. 12(b)(1).  Plaintiff, Limelight's action in this Court is barred by the forum selection clause contained in the parties' written agreement.

# II.  STATEMENT OF RELEVANT FACTS[1]

1.     Arminak manufactures various goods for use in the cosmetics industry. Arminak's address is 1315 Mountain View Circle, Azusa California 91702.

2.     On June 1, 2007 Plaintiff, Limelight, LTD. ("Limelight"), a commercial supplier of cosmetic products, ordered certain products from Arminak, as detailed in the purchase order annexed as **EXHIBIT A** to the accompanying Declaration of Helga Arminak.

3.     Arminak then manufactured multiple samples of the requested products and sent the samples to Limelight for inspection and approval.

---

[1] The facts outlined herein are derived from the supporting Declaration of Helga Arminak, submitted herewith.

1

4.    On June 29, 2007 Limelight approved all samples and executed a detailed

Production Order, a true and complete copy of which is attached as

**EXHBIT B** to the accompanying Declaration of Helga Arminak. The

Production Order was executed on behalf of Limelight by its Vice President,

Molly Sutter.

5.    In relevant part, the Production Order executed by Limelight provided as

follows:

> *This agreement shall be deemed to be made in Duarte, California, and*
>
> *shall be construed under the laws of the State of California. Any*
>
> *litigation arising by reason of this agreement shall be filed in the*
>
> *County of Los Angeles, State of California. (Exhibit B ¶10)*

6.    Subsequent to Limelight's execution of the aforesaid agreement, Arminak

produced and shipped the requested products. Arminak sent two separate

invoices to Limelight, one in the amount of $7,316.00 and the other one in

the amount of $7,925.00, for a total of $15,241.00. The invoices are

annexed as **EXHIBIT C** to the accompanying Declaration of Helga

Arminak.   In relevant part, each invoice memorializes further the parties

existing understanding that

2

> *Any litigation arising by reason of this agreement shall be filed in the*
> *County of Los Angeles, State of California. (Exhibit C ¶10)*

7. In violation of the parties' agreement, Limelight instituted an action against Arminak in the Supreme Court of the State of New York, claiming that Arminak supplied defective products. A copy of Limelight's complaint is annexed to the accompanying Declaration of Helga Arminak as **EXHIBIT D.**

8. On June 04, 2008 Arminak removed this matter to the United States District Court for the Southern District of New York.

### III. ARGUMENT

### POINT I

### In this Court, a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction is the Appropriate Procedural Vehicle by Which to Enforce a Forum Selection Clause

As recently as two months ago this Court has held that a motion to dismiss for lack of subject matter jurisdiction is the appropriate procedural mechanism by which to enforce a forum selection clause. *CFirstClass, Corp. v. Silverjet, PLC.*, 560 F.Supp.2d

324, 327 (S.D.N.Y 2008)[2]; See also, *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No.

99 Civ. 10550(SHS), 2000 WL 1277597, at 2 (S.D.N.Y. Sept. 7, 2000).

## POINT II

### Where, as Here, the Parties' Written Agreement Incorporates an Enforceable Forum Selection Clause, The Complaint Must Be Dismissed.

It is very well established that "there is a strong presumption in favor of the

validity of forum selection clauses". *Mitsubishi Motors Corp. v. Soler Chrysler-*

*Plymouth*, 473 U.S. 614, 629 (1985). The party objecting to such a clause "bears a

heavy burden," *New Moon Shipping Co. v. Man B & W Diesel AG*, 121 F.3d 24, 32 (2d

Cir.1997); *Albany Ins. Co. v. Banco Mexicano, S.A.* 182 F.3d 898 (2d. Cir. 1999).

### Second Circuit's Four Part Test

The Second Circuit articulated a four part test for "determining whether to dismiss a

claim based on a forum selection clause". *Phillips v. Audio Active Ltd.*, 494 F.3d 378,

382 (2d Cir.2007). In undertaking this analysis, the trial court must (1) determine

whether the clause was reasonably communicated to the party resisting enforcement; (2)

classify the clause as mandatory or permissive; (3) determine whether the claims and

---

[2] Prior to this decision, there seemed to be a split of authority regarding the appropriate procedural mechanism by which to enforce a forum selection clause. Decisions variously suggested that the proper vehicle would be (1) a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), *see AVC Nederland B.V. v. Atrium Inv. Partnership*, 740 F.2d 148, 152 (2d Cir.1984); (2) a motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), *see Phillips v. Audio Active Ltd.*, 494 F.3d 378, 382 (2d Cir.2007); and (3) a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

parties in the suit are subject to the forum selection clause; and finally (4) determine whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id.

As the ensuing analysis reveals, in the case at bar the parties' written agreement incorporates an enforceable forum selection clause. The clause was more than reasonably communicated to the Plaintiff, it is mandatory, not merely permissive, and covers the claims arising directly from the parties' agreement.

### A. Reasonably Communicated

First, it is beyond dispute that the parties' forum selection clause was reasonably communicated to the Plaintiff, Limelight. In point of fact, Limelight's Vice President signed the agreement containing the unambiguous clause on June 29, 2007. *(H. Arminak Dec, Exhibit B.)*   Inasmuch as parties are always charged with knowledge of contents of documents they sign, Arminak decisively meets the first prong of the test. See e.g. Consolidated Edison Co. of New York v. U.S., 221 F.3d 364 (2d Cir. 2000) ("In general, individuals are charged with knowledge of the contents of documents they sign").

### B. Mandatory

Second, it is equally plain that the forum selection clause in the case at bar is mandatory, not merely permissive. The clause provides in relevant part that "**any**

5

*litigation arising by reason of this agreement shall be filed in the County of Los*

*Angeles, State of California." (Emphasis Added).* See e.g. *CFirstClass, Corp. v.*

*Silverjet, PLC.*, 560 F.Supp.2d 324, 327 (S.D.N.Y 2008) ("The forum selection clauses

at issue here both read as follows: '*This Agreement wherever made or to be performed*

*shall be governed and construed in accordance with English law and all disputes*

*arising hereunder shall be submitted to the exclusive jurisdiction of the Courts of*

*England and Wales.*' On their face, these clauses are mandatory, since their language

plainly declaims the parties' intent to make jurisdiction exclusive." *John Boutari & Son*

*v. Attiki Importers*, 22 F.3d 51, 52-53 (2d Cir.1994) (internal quotation marks omitted);

see also *Phillips*, supra, 494 F.3d at 386 (finding mandatory a forum selection clause

providing that "any legal proceedings that may arise out of [the agreement] are to be

brought in England")". Arminak therefore meets the second prong of the test as well.

### C.  Scope of Forum Selection Clause

The third inquiry which the Court makes to determine the enforceability of a

forum selection clause is whether both the parties and the claims included in the action

are in fact the subject of the forum selection clause. *See Boutari*, 22 F.3d at 52-53;

*Phillips*, 494 F.3d at 383.  Generally, the scope of a forum selection clause is not limited

solely to claims for breach of the contract that contains it. *Roby v. Corp. of Lloyd's*, 996

F.2d 1353, 1360-1361 (2d Cir.1993). ("we refuse to allow a party's solemn promise to

be defeated by artful pleading."). See also, *CFirstClass, Corp. v. Silverjet, PLC.*, 560

F.Supp.2d 324, 327 (S.D.N.Y 2008), citing to, *Anselmo v. Univision Station Group,*

*Inc.,* No. 92 Civ. 1471(RLC), 1993 WL 17173, at *2 (S.D.N.Y. Jan. 15, 1993) ("[a]

forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if the gist of those claims is a breach of that relationship." *See also, Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 209 (7th Cir. 1993) ("Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action.... '[W]here the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of such a bargain [as to the appropriate forum for litigation].' " (citation omitted)

The clause at hand provides that "*any litigation arising by reason of this agreement shall be filed in the County of Los Angeles, State of California.*" The only two claims addressed in Limelight's complaint, one for breach of contract and one for breach of warranty, arise directly out of, and are inextricably rooted in the parties' agreement. As such, this third prong of the test is also met.


### D. Rebutting the Presumption of Enforceability

Where, as here, the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. *Phillips,* 494 F.3d at 383-84 (quoting *M/S Bremen,* 407 U.S. at 15. See also *New Moon Shipping,* 121 F.3d at 29. Thus, "the fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or

unjust, or that the clause was invalid for such reasons as fraud or overreaching.' *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

Expounding on these principles, the Second Circuit in *Phillips,* 494 F.3d at 383, 392 explained that the resisting party may overcome the presumption only by making a "sufficiently strong showing" that the clause is unenforceable because (1) "its incorporation was the result of fraud or overreaching"; (2) "the law to be applied in the selected forum is fundamentally unfair"; (3) "enforcement contravenes a strong public policy of the forum state"; or (4) "trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court."

At the outset, in the case at bar both parties are commercial entities. Their agreement which incorporates the forum selection clause had been signed by the Plaintiff's Vice President. California's Courts are governed by the same Uniform Commercial Code followed in New York. Finally, the mere fact that Plaintiff would have to litigate this matter in the Courts of California, as opposed to the Courts of New York, cannot possibly be deemed to amount to the "effective deprivation of Plaintiff of its day in Court" within the meaning of *Phillips*. See *CFirstClass, Corp. v. Silverjet, PLC.*, 560 F.Supp.2d 324 (S.D.N.Y 2008)("although litigating these claims in England rather than New York would certainly be more burdensome for [Plaintiff], which has its principal place of business in Florida, there is no suggestion that it would be so difficult as to deprive [Plaintiff] of its day in court"). Therefore, as a matter of law, the presumption in favor of enforcing the forum selection clause may not be rebutted in the case at bar.

## IV.    CONCLUSION

Limelight's signed agreement with Arminak contains a mandatory forum selection clause.   The clause is presumptively enforceable and Arminak respectfully requests the dismissal of Plaintiff's complaint.

POPESCU, IOSEPOVICI & ASSOCIATES
Attorneys for Defendants, Arminak &
Associates, Inc.

By:    _s/ Robert S. Popescu_

Robert Popescu, Esq. (9677)
225 Broadway Suite 1901
New York, New York 10007
(212) 766-9696
rsp.esq@pialawfirm.com

Dated: New York, New York
        September 5, 2008